UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:19-CR-122-CHB

DALE THOMAS HAMMOND                                    DEFENDANT

**RESPONSE TO DEFENDANT'S MOTION *IN LIMINE***
*- Electronically Filed -*

Comes the United States of America, by counsel, Alicia P. Gomez, Assistant United States Attorney for the Western District of Kentucky, and in response to the Defendant's Motion *in Limine* [DN 38], states as follows:

**I. Defendant's Motion to Exclude.**

The United States agrees that it will not seek to use the photographs of the unclothed female or the video of the defendant masturbating located on the defendant's cellphone during its case-in-chief.

**II. Defendant's Motion to Exclude Reference to or Arguments Based upon Prior State Court Trial and Outcome.**

The United States agrees that it will not seek to introduce any mention of the prior trial or conviction of the defendant. Moreover, the United States is in agreement that the transcripts be referred to as previously sworn statements, previously sworn testimony, or statements made under oath in a separate proceeding.

**III. Defendant's Motion to Strike United States' Experts Based Upon Late Disclosure and Failure to Provide Opinions and Bases of Same.**

The defendant requests that the Court preclude the testimony of Detectives Bell and Littrell

1

based upon late expert disclosure. The United States objects. As this Court is aware, Criminal Rule 16(a)(1)(G) requires, in part, that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use" under Federal Rule of Evidence 702 in its case-in-chief at trial. The "written summary" must set forth "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed.R.Crim.P. 16(a)(1)(G). The Rule exempts *lay* opinion testimony from its requirements. *Expert* opinion testimony, to which the Rule applies, is defined as testimony based upon "scientific, technical, or other specialized knowledge." Fed.R.Evid. 702.  *U.S. v. Poulsen,* No. CR2-06-129, 2007 WL 4248206, at *2 (S.D. Ohio Nov. 30, 2007).

Though the United States' descriptions in this case are more than sufficient, courts have found even the most basic description of the expert testimony to be sufficient. In *United States v. Lewis,* the Court found that the government had complied with the defendant's request for expert disclosures by providing a brief summary, and agreeing to provide their expert's curriculum vitae 30 days prior to trial. 2018 WL 3601237 (2018). *See e.g. U.S. v. White*, 492 F.3D 380, 406-407. (6th Cir. 2007). (a generic description of the likely witness and that witness's qualifications may be sufficient, […] The summary of the bases of the expert's opinion must be provided even where the proffered experts prepared no reports, and can include "any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703."); *United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222 (D.N.M. 2012), *aff'd sub nom. United States v. Medina-Copete*, 757 F.3d 1092 (10th Cir. 2014)(In prosecution for possession of methamphetamine, notice government provided to defendants with respect to DEA agent's expert testimony regarding the operations of narcotics trafficking organizations and general aspects of

narcotics investigations was not so deficient as to warrant sanction of excluding the testimony where notice given to defendants set out general subject matter of agent's proposed testimony, agent's background, and basis for the testimony, and it specifically related that agent would testify about drug value and narcotics investigations in general, and that the evidence indicated the defendants intended to distribute drugs).

Even in those cases in which the courts have found that a generic description may not be sufficient, and a more detailed description of the expert testimony is required, the conviction has been upheld. *See White*, 492 F.3D at 406-407 *citing* Fed.R.Crim.P. 16(a)(1)(G). It should be noted that the Court found, "[n]otwithstanding this failure to comply, we find nothing to support reversal." *Id.* The Court went on to state that "Defendants here "did not suffer any surprise" and, on appeal, failed to "suggest how the outcome of the case would have been different had they been provided with a more detailed summary…"   *Id.* at 407.   U.S.

In this case, Detectives Bell and Littrell conducted cell phone extractions on the defendant's cell phone; hence, their testimony will be lay, factual testimony regarding those cell phone extractions. Each detective is currently or was previously employed by the Kentucky Attorney General's Office as a certified forensic computer examiner. The only report generated in this case by the two witnesses was the forensic examination report prepared of the defendant's cell phone which was previously provided in discovery. The proposed forensic computer examiners can technically provide testimony which may be deemed both as lay and potentially expert testimony. Out of an abundance of caution, on December 18, 2019 the United States provided these witness's names, and identified potential areas of testimony which may fall into the "expert" category, and a copy of the witnesses' curriculum vitae. This matter was previously continued for

a jury trial on February 24, 2020; hence, any prejudice to the defendant caused by the late disclosure has been cured by the rescheduled trial date.

Wherefore, the United States requests that the defendant's motion to exclude this testimony be denied.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY 40202
(502) 582-6326

CERTIFICATE OF SERVICE

On February 5, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*/s/ Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney