

**FILED**

**VANESSA L. ARMSTRONG, CLERK**

**FEB 27 2020**

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,  )
                            )

     Plaintiff,  )   Criminal Action No. 3:19-CR-122-CHB

                            )

v.  )

                            )   **JURY INSTRUCTIONS**

DALE THOMAS HAMMOND,  )

                            )

     Defendant.  )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**Introduction – 1.01**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

- 1 -

**INSTRUCTION NO. 1 – 1.02**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during this case. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**INSTRUCTION NO. 2 – 1.03**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

- 3 -

## INSTRUCTION NO. 3 – 1.04

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4 – 1.05

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**INSTRUCTION NO. 5 – 1.06**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 6 – 1.07**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any

other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7 – 7.02B

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

**INSTRUCTION NO. 8 – 1.09**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## INSTRUCTION NO. 9 – 2.01A

The defendant has been charged with more than one crime. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 10 – 2.04

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crime charged in Count 1 happened "on or about" and between July 24, 2015 and August 6, 2015, and the crime charged in Count 2 happened "on or about" August 5, 2015. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

**INSTRUCTION NO. 11 – 2.08**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did (or did not do), and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**INSTRUCTION NO. 12 – 16.09 & 5.01**

Count 1 of the indictment charges the defendant with attempting to knowingly persuade, induce, or entice a minor under the age of sixteen (16) to engage in unlawful sexual activity. First I will instruct you on what it means to "attempt," and then I will instruct you on what it means to knowingly persuade, induce, or entice a minor under the age of sixteen (16) to engage in unlawful sexual activity.

**A.    Attempt**

I will now instruct you on what is required for an attempt. The defendant is accused in Count 1 of attempting to use any facility or means of interstate commerce to knowingly persuade, induce, or entice any individual who has not attained the age of sixteen (16) years to engage in unlawful sexual activity. For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

First:         That the defendant intended to use any facility or means of interstate
                commerce to knowingly persuade, induce, or entice any individual who
                has not attained the age of sixteen (16) years to engage in unlawful sexual
                activity, as explained in detail below.

Second:      That the defendant did some overt act that was a substantial step towards
                committing the crime.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime charged. But the government does not have to prove that the defendant did everything

- 15 -

except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

**B.     Enticement**

Now I will give you instructions on the crime of attempting to knowingly persuade, induce, or entice a minor under the age of sixteen (16) to engage in unlawful sexual activity. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:     That the defendant attempted to knowingly persuade, induce, or entice an individual under the age of sixteen (16) to engage in unlawful sexual activity.

Second:     That the defendant used a means or facility of interstate commerce to do so.

Third:     That the defendant believed the individual was under the age of sixteen (16).

Now I will give you more detailed instructions on some of these terms.

(A)     It is *not* necessary for the government to prove that the individual was in fact less than sixteen (16) years of age; but it *is* necessary for the government to prove that the defendant *believed* such individual to be under that age.

(B)     "Unlawful sexual activity" includes a person being twenty-one (21) years old or more engaging in sexual intercourse or deviate sexual intercourse with another person less than sixteen (16) years old.

1.     "Sexual intercourse" means sexual intercourse in its ordinary sense and includes penetration of the sex organs of one person by any body part or a

- 16 -

foreign object manipulated by another person.  Sexual intercourse occurs upon any penetration, however slight; emission is not required.

2.    "Deviate sexual intercourse" means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by any body part or a foreign object manipulated by another person.

(C)    "Using a means or facility of interstate commerce" includes using the internet or the telephone.

(D)    It is not necessary that the government prove that the sexual activity occurred.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Count 2 of the indictment charges the defendant with attempting to knowingly transfer obscene material to a minor under the age of sixteen (16) in violation of Section 1470 of Title 18 of the United States Code. First I will instruct you on what it means to "attempt," and then I will instruct you on what it means to knowingly transfer obscene material to a minor under the age of sixteen (16).

## A.    Attempt

I will now instruct you on what is required for an attempt. The defendant is accused in Count 2 of attempting to knowingly transfer obscene material to a minor under the age of sixteen (16). For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

First:    That the defendant intended to use any facility or means of interstate commerce to knowingly transfer obscene material to a minor under the age of sixteen (16), as explained in detail below.

Second:    That the defendant did some overt act that was a substantial step towards committing the crime.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime charged. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

## B.     Transfer of Obscene Material

Now I will give you instructions on the crime of attempting to knowingly transfer obscene material to a minor under the age of sixteen (16). For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:         That the defendant knowingly transferred the material charged in the indictment;

Second:        That the defendant transferred the material to an individual he believed was less than sixteen (16) years old;

Third:         That the defendant believed the other individual was less than sixteen (16) years old;

Fourth:        That the defendant knew at the time of the transfer the content, character, and nature of the material;

Fifth:         That the material is obscene as defined below; and

Sixth:         That the defendant knowingly used a means or facility of interstate commerce to transfer the material.

It is *not* necessary for the government to prove that the individual was in fact less than sixteen (16) years of age; but it *is* necessary for the government to prove that the defendant *believed* such individual to be under that age.

"Using a means or facility of interstate commerce" includes using the internet or the telephone.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these

elements, then you must find the defendant not guilty of this charge.

Now I will give you more detailed instructions on some of these terms.

The government doesn't have to prove that the defendant knew the material was legally obscene. It only has to prove that the defendant knew the general sexual nature of the material.

So if you find beyond a reasonable doubt that the defendant sent the material using a means or facility of interstate commerce and knew what it was, in other words, knew about the material's general sexual nature, and if you find that the material was legally obscene, as I'll shortly define that word for you, then you may find that the defendant knew the material was obscene.

Freedom of expression is a constitutional right that is fundamental to our system, and we all enjoy it. It has contributed much to the development and well-being of our free society. In exercising this right, sex may be portrayed and the subject of sex may be discussed freely and publicly. Material may not be condemned merely because it contains passages or sequences that describe or depict sexual activity. But the constitutional right to free expression doesn't extend to legally "obscene" material.

To prove beyond a reasonable doubt that material is "obscene," the government must prove three things:

(1)  that the material predominantly appeals to prurient interest;

(2)  that it depicts or describes sexual conduct in a patently offensive way; and

(3)  that it lacks serious literary, artistic, political, or scientific value.

First, you must view the material as a whole, keeping in mind the intended and probable audience, and decide whether the material's predominant theme or purpose is an appeal to the prurient interest of an average person of the community as a whole.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, not just an ordinary interest.

Viewing the material as a whole for the "predominant theme or purpose of the material" means looking for the main or principal focus of the whole work based on its total effect, not on the focus of incidental themes or isolated passages or sequences.

To decide whether the material appeals to a morbid, degrading, or unhealthy interest in sex of the "average person of the community as a whole," you must consider the contemporary community standards that would be applied by an average person with an ordinary attitude toward and interest in sex.

Contemporary community standards are set by the community as a whole; in other words, what society at large or people in general currently find acceptable or unacceptable.

So obscenity is not a matter of individual or personal taste or how the material strikes an individual juror—whether something is obscene or not depends on what the average person of the community as a whole would think of it.

Second, you must decide whether the material depicts or describes, in a patently offensive way, sexual conduct such as ultimate sexual acts or masturbation, excretory functions, or lewd exhibition of the genitals. But you must not judge the material by your own standards. You must judge the material by contemporary community standards and decide whether the material is more than the generally accepted limits of public tolerance and is clearly offensive.

I emphasize that whether material appeals to a prurient interest or whether it is patently offensive must be judged by contemporary community standards, not by how the material affects you personally. You must consider the material in the same way that an average person in the community, with a normal attitude toward and interest in sex would consider it.

Contemporary community standards are those accepted by the community as a whole; in other words, what society at large or people in general will accept. It does not include what some groups in the community believe the community should accept or refuse to accept.

Third, you must decide whether the material lacks serious literary, artistic, political or scientific value. An item may portray explicit sexual conduct and still have serious value in one or more of these areas. You must decide whether the material in this case has such value. The ideas represented in a work do not need majority approval to be worthy of protection. So for this decision, you should not use contemporary community standards. Instead, you must objectively decide whether a reasonable person considering the material as a whole would find it has or does not have serious literary, artistic, political, or scientific value.

The government must prove all three things before you can decide the material is obscene. If any one of those things is not proved, then the material is not obscene within the meaning of the law.

**7.01**

That concludes the part of my instructions explaining the elements of the crimes. Next I will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 14 – 7.03**

You have heard the testimony of Dr. James Beggan, who testified as an opinion witness.

You do not have to accept Dr. Beggan's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 15 – 7.03A**

You have heard the testimony of Detective Michael Littrell, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Det. Littrell's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 16 – 7.12

During the trial you have seen counsel use a demonstrative aid which was offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

**8.01**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 17 – 8.02

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

- 28 -

## INSTRUCTION NO. 18 – 8.03

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

**INSTRUCTION NO. 19 – 8.04**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 20 – 8.05

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 21 – 8.06

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 22 – 8.08**

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## INSTRUCTION NO. 23 – 8.09

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 24 – 8.10

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.